UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RAYMOND HOLTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 22-3171 (UNA) |
| ) | |
| CARMEN McLEAN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Raymond Holton, Alonzo Holton, Sylvia Holton, and Angela Brunson purport to file this civil action against The Honorable Carmen McLean, an Associate Judge of the Superior Court of the District of Columbia, who presides over Raymond Holton's guardianship proceedings.  The filing fee has not been paid, and because only Angela Brunson seeks leave to proceed *in forma pauperis*, the Court proceeds with Ms. Brunson as the sole plaintiff.  The Court will grant Ms. Brunson's application, dismiss Raymond, Alonzo and Sylvia Holton as party plaintiffs, and, for the reasons discussed below, dismiss the complaint.

Plaintiff, Raymond Holton's niece, states that Mr. Holton sustained injuries in a building fire three to four years ago, remained trapped in his apartment until a firefighter found him four to five days later, and was treated at a hospital.  *See* Compl. at 2, 4 (page numbers designated by CM/ECF).  Plaintiff further states that, after Mr. Holton's discharge from the hospital, he was taken to Bridgepoint Hospital and, unbeknownst to family members, admitted under an alias. *See id.* at 1, 4.  Plaintiff since has learned of Mr. Holton's whereabouts and states that guardianship proceedings continue in the Superior Court's Probate Division.  *See id.* at 5. Generally, plaintiff objects to the appointment of a visitor and guardian for Mr. Holton, fees assessed for their services, and the presiding judge's refusal to grant her application for

appointment as Mr. Holton's guardian. Although the complaint has not set forth a clear demand for relief, the Court presumes that plaintiff, essentially, asks this Court to effect Judge McLean's removal from the guardianship matter and reversal of her rulings.

The Court dismisses the complaint for two reasons. First, plaintiff is not a lawyer, and as a lay person, she cannot prosecute the claims of another individual in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); accord *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.*, 274 F. Supp. 2d 10, 16 (D.D.C. 2003), *aff'd sub nom. Rockefeller ex rel. U.S. v. Washington TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004). Therefore, she may not represent Mr. Holton or any other family member, and she fails to demonstrate that she has standing to pursue a claim of her own. *See Lujan v. Defenders. of Wildlife*, 504 U.S. 555, 560 (1992) (requiring party invoking federal court jurisdiction to show she has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision).

Second, this federal district court "lack[s] jurisdiction to review judicial decisions by . . . District of Columbia courts." *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514 (D.C. Cir. 1996) (citations omitted); *see Dorsey v. Superior Court for the District of Columbia*, 709 F. App'x 22 (D.C. Cir. 2017) (per curiam). And where subject matter jurisdiction is lacking, the Court must dismiss the case. *See* Fed. R. Civ. P. 12(h)(3). An Order is issued separately.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE: October 28, 2022